# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.A. No. 25-7261 |
| Plaintiff-Appellant, | D.C. No. CR 25-310-KK (Central Dist. Cal.) |
| v. | |
| JOSEPH BLANDON-SAAVEDRA, | **GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF; DECLARATION OF RAJESH R. SRINIVASAN** |
| Defendant-Appellee. | |

Plaintiff-Appellant United States of America, by and through its counsel of record, hereby moves this Court for an extension of the time within which the government must file its opening brief in this appeal. The government's opening brief is currently due February 9, 2026. The government has not previously sought any extension of time to file its brief (including the 30-day streamlined extension). The government requests a 60-day extension of time to and including April 10, 2026.

The motion is made pursuant to Federal Rules of Appellate Procedure 26(b) and 27 and Ninth Circuit Rule 31-2.2(b) and is based on

the files and records in this case and the attached declaration of Rajesh R. Srinivasan.

Defendant opposes any extension of time to file the government's opening brief. No court reporter is in default with regard to any designated transcript.

DATED: February 2, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

s/ *Alexander P. Robbins*

ALEXANDER P. ROBBINS
Assistant United States Attorney
Acting Chief, Criminal Appeals Section

Attorneys for Plaintiff-Appellant
UNITED STATES OF AMERICA

# DECLARATION OF RAJESH R. SRINIVASAN

I, Rajesh R. Srinivasan, hereby declare and state as follows:

1. I am an Assistant United States Attorney in the Central District of California and a member of my office's Criminal Appeals Section. I am responsible for preparing the government's opening brief in *United States v. Blandon-Saavedra*, C.A. No. 25-7261.

2. Defendant Joseph Blandon-Saavedra was indicted on two counts of assaulting, resisting, or impeding a federal officer using a dangerous or deadly weapon in violation of 18 U.S.C. § 111(a)(1), (b). (CR 14.)[*] Defendant was released on bond pending trial on these charges, but he has been separately detained by immigration authorities based on a previously lodged immigration detainer. (CR 16, Decl. of Courtney N. Williams ¶¶ 2-3.)

3. On November 14, 2025, the district court dismissed one of the two counts based on its finding that the government failed to preserve potentially useful evidence. (CR 64 at 6-11.) Three days later, the government filed a notice of appeal from this order. (CR 68.) *See* 18

---

[*] "CR" refers to the Clerk's Record in the district court and is followed by the docket number.

U.S.C. § 3731 ("In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information . . . as to any one or more counts . . . .").

4. Based on the existence of this appeal, defendant moved the district court to vacate his December 15, 2025 trial date on the remaining count, as well as the December 1, 2025 pretrial conference. (CR 70.) He argued that "the government's filing of the interlocutory appeal statutorily tolls the Court's speedy trial calculation" and "circuit resolution of the government's interlocutory appeal would prevent any judicial inefficiency in requiring empanelment of a petit jury on December 15, 2025, on count one, and empanelment of a second petit jury at a later date." (CR 70 at 3.) Defendant also asked the court to vacate his deadline for opposing a pending evidentiary motion because this appeal could "potentially impact the flow and presentation of evidence at trial." (CR 70 at 4.) He further noted that "[t]he parties will suffer no prejudice as they will be able to raise evidentiary issues in advance of the trial date scheduled after the Ninth Circuit review has been concluded." (CR 70 at 4.) The district court granted defendant's

2

request and vacated the trial date, pretrial conference date, and briefing deadline. (CR 73.)

5. The government's opening brief in this appeal is currently due February 9, 2026. The government has not requested or received previous extensions of time to file its opening brief.

6. Although the government has exercised diligence with respect to this appeal and will continue to do so, the government does not anticipate being able to complete the opening brief by its current due date and anticipates needing an additional 60 days to do so for the following reasons:

a. Before the government's brief can be filed, it must go through a multi-step approval process. The process begins within the United States Attorney's Office and involves review by multiple stakeholders, including the Acting Chief of the Criminal Appeals Section, the Acting Chief of the Criminal Division, and the First Assistant United States Attorney. After this Office has completed its review, the Criminal Division of the Department of Justice in Washington, D.C. must engage in a similar multi-layer process. That process is followed by yet another multi-layer review process within the

Office of the Solicitor General. *See* U.S. Dep't of Just., Just. Manual § 2-3.221 (2018). By law, this appeal cannot proceed until authorized by the Solicitor General. *See* 28 C.F.R. § 0.20(b). If the Solicitor General does not authorize this appeal, the government will move to dismiss it. This process takes substantial time to complete.

   b. Because I was not counsel in the proceedings below, I will need additional time to familiarize myself with the record and the underlying issues.

   c. In addition to this case, I have a full slate of other appellate and trial work. I am presenting oral argument before this Court on behalf of the government on February 4, 2026, in *United States v. Langford*, C.A. No. 23-3681. I am also scheduled to represent the government at trial on March 30, 2026, in *United States v. Felix-Starnes et al.*, D.C. No. CR 23-00167(A)-JWH, and will have pretrial filings due in the interim. Besides these matters, I am responsible for reviewing appellate briefs written by other attorneys in my office and for assisting in pending district-court matters.

4

7. In light of the foregoing, I do not believe there is sufficient time for the government to receive authorization for and prepare an opening brief by the current deadline.

8. On February 2, 2026, I conferred with appellate counsel for defendant, Deputy Federal Public Defender Caroline S. Platt, via email regarding this requested extension. Counsel explained that the defense objected to any extension because of (1) defendant's detention status and (2) the existence of a pending criminal charge awaiting trial before the district court.

9. The first ground for opposing this extension request, however, is undermined by the fact that defendant was released on bond pending trial in this case. While he was separately detained by immigration authorities based on a previously lodged immigration detainer, that detention is connected to neither the charges in this case nor this appeal. The second ground for opposing this extension request is undermined by the fact that defendant himself requested vacatur of his trial date on the remaining charge pending resolution of this appeal.

10. No court reporter is in default with regard to any designated transcript.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 2nd day of February 2026.

                               s/ *Rajesh R. Srinivasan*

                               RAJESH R. SRINIVASAN
                               Assistant United States Attorney